UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID SANZO,
    Plaintiff,

v.

KATHLEEN SANZO,
    Defendant.

No. 3:13-cv-686 (SRU)

### RULING ON MOTION TO REMAND

The *pro-se* plaintiff, David Sanzo ("the plaintiff"), a citizen of Nevada, brought this action in Connecticut Superior Court against the defendant, Kathleen Sanzo ("the defendant"), a citizen of Maryland. The defendant subsequently removed the action to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (doc. # 1). Now before the court is the plaintiff's motion to remand. For the reasons that follow, the plaintiff's motion (doc. # 16) is DENIED.

"The federal removal statute allows a defendant to remove an action to the United States District Court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(a)). The party seeking removal bears the burden of establishing federal jurisdiction. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

"In general, under 28 U.S.C. §§ 1332(a)(1) and 1441(a), a defendant may remove to federal court any civil action brought in state court where parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007). The Second Circuit has held that it is a well-settled principle that "[i]t must appear to a legal certainty that the claim is really

for less than the jurisdictional amount to justify dismissal." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).

The plaintiff does not dispute diversity of citizenship, but rather claims that the amount in controversy does not meet the jurisdictional threshold of $75,000.  In Count One of the Complaint, however, the plaintiff alleged a claim for loss of expectancy of inheritance of an estate that, at the time of his mother's death, was a "multimillion dollar estate with 17 fully paid for properties." *See* Complaint, Count One ¶ 6.  As the plaintiff is one of five heirs, even one fifth of that estate would amount to over $75,000.

In light of the above, and based on the allegations raised in the complaint, I conclude that the amount in controversy exceeds $75,000.  Therefore, the defendant has met her burden, both with respect to diversity of citizenship and amount in controversy.

In sum, the plaintiff's motion for remand (doc. # 16) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of August 2013.

                                           /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge